UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 09-21514-BKC-EPK
                                                          Chapter 7
TERRY R. EICHAS,

    Debtor.
_____/

DEBORAH MENOTTE, Trustee in
Bankruptcy for Terry Eichas,

    Plaintiff,                                         Adv. Pro. No.:

v.

TERRY EICHAS AND
885 REALTY GROUP, INC.,

    Defendants.
_____/

## COMPLAINT TO SUBSTANTIVELY CONSOLIDATE 885 REALTY GROUP, INC. WITH THE DEBTOR, FOR DETERMINATION AS TO VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN PROPERTY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001(2), FOR DECLARATORY RELIEF, TO AVOID AND TO RECOVER POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 549, FOR TURNOVER PURSUANT TO 11 U.S.C. §550, AND FOR IMPOSITION OF AN EQUITABLE LIEN

The Plaintiff, **Deborah C. Menotte, Trustee in Bankruptcy for Terry Eichas**, ("Trustee" or "Plaintiff") by and through undersigned counsel, hereby sues the Defendants, **Terry Eichas** ("Debtor"), **885 Realty Group, Inc.** ("885 Realty Group") (collectively "Defendants"). In support thereof, the Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334(b). This is a core proceeding in which the court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A) (E)(H)(K) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTS AND BACKGROUND

3. This voluntary Chapter 7 bankruptcy proceeding was filed on July 17, 2009. Deborah C. Menotte has been appointed as the Chapter 7 Trustee.

4. The Defendant, Terry Eichas, is the Debtor and is a resident of the state of Florida.

5. The Defendant, 885 Realty Group, Inc. is a Florida Profit Corporation that is authorized to practice business in Florida.

### A. 885 Realty Group, Inc.

6. The Debtor listed on Schedule B-13 of his Schedules a 25% interest in 885 Realty Group, valued at $150,000.00.

7. One of the largest secured creditors listed on the Debtor's Schedule D is 885 Realty Group, where the Debtor disclosed a pledge of shares for 885 Realty Group from 2005-2008 in the amount of $180,000.00 with $30,000.00 unsecured debt.

8. Pursuant to the Florida Department of State, Division of Corporations, the Debtor is a director of 885 Realty Group, along with Dmitrie Zemlianski, and Vitali Rytik. The Debtor is also listed as the registered agent of 885 Realty Group.

9. The other directors of 885 Realty Group have failed to come forward as owners of the entity.

10. The Debtor testified during his deposition as the representative on behalf of 885 Realty Group that there have been no official shareholder meetings or meetings of officers for 885 Realty Group in at least the last two (2) years.

2

11. Upon information and belief, 885 Realty Group is run solely by the Debtor for his own benefit.

12. Upon information and belief, the Debtor failed to recognize the separate existence of 885 Realty Group from himself and, therefore, he and 885 Realty Group are inextricably intertwined.

13. Accordingly, 885 Realty Group's assets should be included in the Debtor's bankruptcy estate by substantive consolidation pursuant to 11 U.S.C. §105(a).

### B. The Debtor's Unauthorized Post Petition Transfer of Property of the Estate Into a Condominium Owned by 885 Realty Group

14. On or around September 13, 2010, the Debtor as mortgagor, and 885 Realty Group, as mortagee, executed a Real Estate Mortgage ("Mortgage") in the amount of $25,000.00 for a condominium located at Kings Point in Palm Beach County, Florida ("Condominium").

15. A true and correct copy of the Mortgage is attached hereto as **Exhibit 1.**

16. Based on the December 15, 2010 deposition of the Debtor as director of 885 Realty Group, the Trustee's counsel learned that one of the tenants of the Condominium, the Scuba Center, owed back rent due to 885 Realty Group.

17. The Condominium was conveyed to the Debtor from Dorothy Pickens, not 885 Realty Group, in exchange for 885 Realty Group giving a $25,000.00 credit towards back rent for the Condominium.

18. The Debtor testified that the Condominium was conveyed to him because an individual had to own the Condominium and he, in turn, paid $24,000.00 ("Transferred Funds") to 885 Realty Group.

19. Upon information and belief, the Debtor recorded the Mortgage to create an appearance that there was no equity in the Condominium. The $24,000.00 payment by the Debtor in exchange for the Condominium came from a tax refund the Debtor received from the Internal Revenue Service that was attributable to the 2007 tax year. The mortgage was produced for no or for inadequate consideration.

20. Based on the Debtor's 2009 tax return, the Debtor incurred a net operating loss of $174,139.00.

21. The Debtor carried the 2009 net operating loss in the amount $174,139.00 back to 2007 to offset the Debtor's income in 2007.

22. Based on the carry back of the Debtor's net operating loss to 2007, the Debtor received $28,332.00 in 2010.

23. The subject Transferred Funds originated from the funds the Debtor received in 2010 based on offsetting income earned by the Debtor in 2007.

24. The Debtor transferred the Transferred Funds in the amount of $24,000.00 to 885 Realty Group to purchase the Condominium.

25. The Debtor received the Transferred Funds, which were property of the estate, and used the Transferred Funds to purchase the Condominium through 885 Realty Group. The Transferred Funds are property of the bankruptcy estate that are directly traceable to the Condominium.

26. On February 10, 2011, the Trustee sent a demand letter to the Debtor seeking turnover of the subject Transferred Funds since they are property of the estate.

27. A true and correct copy of the Trustee's February 10, 2011 demand letter is attached hereto as **Exhibit 2.**

28. The Debtor failed and refused to turnover the Transferred Funds to the Trustee.

## COUNT I – ACTION TO SUBSTANTIVELY CONSOLIDATE 885 REALTY GROUP WITH THE DEBTOR

29. The Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

30. The Plaintiff seeks a judgment substantively consolidating 885 Realty Group's assets with this estate.

31. As described more fully above, The Debtor listed on Schedule B-13 of his Schedules a 25% interest in 885 Realty Group, valued at $150,000.00.

32. One of the largest secured creditors listed on the Debtor's Schedule D is 885 Realty Group, where the Debtor disclosed a pledge of shares for 885 Realty Group from 2005-2008 in the amount of $180,000.00 with $30,000.00 unsecured debt.

33. Pursuant to the Florida Department of State, Division of Corporations, the Debtor is a director of 885 Realty, along with Dmitrie Zemlianski, and Vitali Rytik. The Debtor is also listed as the registered agent of 885 Realty Group.

34. The other directors of 885 Realty Group have failed to come forward as owners of the entity.

35. The Debtor testified during his deposition as the representative on behalf of 885 Realty Group that there have been no official shareholder meetings or meetings of officers for 885 Realty Group in at least the last two (2) years.

36. Upon information and belief, 885 Realty Group is run solely by the Debtor for his own benefit.

37. Upon information and belief, the Debtor failed to recognize the separate existence of 885 Realty Group from himself and, therefore, he and 885 Realty Group are inextricably intertwined.

38. Upon information and belief, creditors have relied on the Debtor and 885 Realty Group as a single unit. Substantive consolidation is necessary to ensure that all creditors are treated equally and equality in distribution from the Debtor's estate.

39. The facts set forth above indicate that the affairs of the Debtor and 885 Realty Group were so inextricably intertwined, creating a substantial identity between the two, the Debtor dominated and controlled 885 Realty Group and failed to recognize the separate existence between him and the company. To not allow the substantive consolidation would be to hinder, delay and/or defraud creditors who have relied on the Debtor and 885 Realty Group as a single entity.

40. Consequently, the Debtor's liabilities are so intertwined as to make it impossible to administer the estate of the Debtor and 885 Realty Group as separate entities. Corporate disregard as a fault may lead to corporate disregard as a remedy.

41. Accordingly, 885 Realty Group's assets should be included in the Debtor's bankruptcy estate to the benefit of all creditors in this estate, pursuant to this Court's equitable powers under 11 U.S.C. §105(a), such that it should be substantively consolidated into this estate.

WHEREFORE, the Plaintiff, **Deborah Menotte, Trustee in Bankruptcy for Terry**

**Eichas**, by and through undersigned counsel, respectfully requests that the Court enter judgment substantively consolidating **885 Realty Group, Inc.'s** assets, with the estate, to be administered for the benefit of the estate's creditors, and awarding any other relief which the Court deems proper.

### COUNT II - DETERMINATION AS TO VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN PROPERTY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001(2)

42. The Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

43. Pursuant to Federal Rule of Bankruptcy Procedure 7001(2), a court may determine the validity, priority, or extent of interest in property.

44. The Trustee seeks a determination by the Court that the Mortgage is not an actual valid mortgage against the Condominium. The mortgage was generated for inadequate or no consideration and is unenforceable as a matter of law.

45. Further, upon the Court's substantively consolidating 885 Realty Group with the estate of the Debtor, there would is a merger of title between the two entities and the Mortgage would be extinguished.

WHEREFORE, the Plaintiff, Deborah Menotte, as Trustee in Bankruptcy for Terry Eichas, by and through undersigned counsel, respectfully requests that the Court enter judgment in her favor pursuant to Federal Rule of Bankruptcy Procedure 7001(2) determining that the Mortgage is invalid as against the Condominium and that the Trustee shall be free to administer free and clear of any claim of right, title, lien, or interest of the Debtor, plus that the Court grant such other and further relief as the Court deems just and proper.

### COUNT III – AVOIDANCE OF POST-PETITION TRANSFER AGAINST THE DEBTOR PURSUANT TO 11 U.S.C. § 549(A)
### (AS TO TERRY EICHAS)

46. The Plaintiff re-alleges paragraphs 1 through 29 as if fully set forth herein.

47. This is an action pursuant to 11 U.S.C. § 549(a) to recover a post-Petition Date transfer of estate property from the Debtor into the Condominium.

48. The Transferred Funds in the amount of $24,000.00 were property of the estate.

49. Based on the Debtor's 2009 tax return, the Debtor incurred a net operating loss of $174,139.00.

50. The $24,000.00 payment by the Debtor in exchange for the Condominium came from a tax refund the Debtor received from the Internal Revenue Service that was attributable to the 2007 tax year.

51. The Debtor carried the 2009 net operating loss in the amount $174,139.00 back to 2007 to offset the Debtor's income in 2007.

52. Based on the carry back of the Debtor's net operating loss to 2007, the Debtor received $28,332.00 in 2010.

53. The subject Transferred Funds originated from the funds the Debtor received in 2010 based on offsetting income earned by the Debtor in 2007.

54. The Debtor transferred the Transferred Funds in the amount of $24,000.00 to 885 Realty Group to purchase the Condominium.

55. The Debtor received the Transferred Funds, which were property of the estate and used the Transferred Funds to purchase the Condominium through 885 Realty Group.

56. The Transferred Funds are property of the bankruptcy estate that are directly traceable to the Condominium.

57. The transfer of the Transferred Funds was not authorized by the Bankruptcy Code or by the Court.

58. The Bankruptcy Code provides in relevant part under 11 U.S.C. § 549(a) that "the trustee may avoid a transfer of property of the estate—(1) that occurs after commencement of the case; and . . . (2)(B) that is not authorized under this title or by the court."

59. The transfer alleged herein was unauthorized and wrongful under 11 U.S.C. § 549(a), and accordingly recoverable from the Debtor.

60. The Trustee seeks judgment against the Debtor, Terry Eichas, finding that the Debtor, Terry Eichas, has no right to receive the estate's interest in Transferred Funds and that any such transfer into the Condominium should be avoided and recovered pursuant to 11 U.S.C. §§ 549 and 550.

61. Because the Transferred Funds are directly traceable to property of the estate, the Trustee is entitled to an equitable lien against the Condominium in the amount of at least $24,000.00 with the right to immediately foreclose same pursuant to 11 U.S.C. §105.

**WHEREFORE,** the Plaintiff, Deborah Menotte, as Trustee in Bankruptcy for Terry Eichas, respectfully requests that the Court enter a judgment setting aside and avoiding the unauthorized post-petition transfer of the Transferred Funds into the Condominium, granting the Trustee an equitable lien against the Condominium in the amount of at least $24,000.00 with the right to immediately foreclose same, and entering judgment against the Debtor, Terry Eichas, in the amount of at least $24,000.00, or in such amounts determined at trial, and awarding court costs and interest, and such other and further relief as the Court deems just and proper.

### COUNT IV - - RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 550 (AS TO TERRY EICHAS)

62. The Plaintiff re-alleges paragraphs 1 through 29 as if fully set forth herein.

63. This count is pled as an effectuating account whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided transfer, pursuant to a separately pled count, this count is being separately pled.

64. Upon the Court setting aside and avoiding the transfer referenced in the preceding count, the Plaintiff seeks to recover the transfer in the amount of $24,000.00 pursuant to 11 U.S.C. § 550.

WHEREFORE the Plaintiff, Deborah Menotte, as Trustee in Bankruptcy for Terry Eichas, respectfully requests that the Court enter judgment that she is entitled to recover the post-petition transfer in the amount of $24,000.00 from the Debtor pursuant to 11 U.S.C. § 550(a)(1) or § 550(a)(2), and any further that the Court grant any further relief as the Court deems just and proper.

### COUNT V - IMPOSITION OF AN EQUITABLE LIEN

65. The Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

66. The Plaintiff has sought the avoidance and recovery of the Transferred Funds in the amount of $24,000.00, which is all property of the estate that has been transferred by the Debtor into the Condominium contrary to the provisions of the Bankruptcy Code.

67. The Debtor's disposition of the estate funds was done fraudulently and egregiously.

68. The Debtor willfully and knowingly placed such funds beyond the reach of the Trustee and creditors by transferring the Transferred Funds to purchase for the Condominium.

69. Pursuant to 11 U.S.C. §105, the inherent jurisdiction of the Court, and Bankruptcy Rule 7001(2), the Plaintiff seeks an order from this Court determining that the Plaintiff is entitled to an equitable lien in the amount of any judgment for the avoidance and recovery of the unauthorized post-petition transfer entered by this Court against the Condominium with the immediate right to foreclose upon same for the purpose of returning such funds to the bankruptcy estate.

70. It is within this Court's equitable power to grant such relief pursuant to 11 U.S.C. §105, which would effectively be returning funds that are property of the estate back to the estate.

71. In order to achieve right and justice, in consideration of the relations of the parties, and the circumstances of their dealings, in light of the fraudulent and egregious conduct of the Debtor in knowingly converting funds that were not his property and placing them into the Condominium, an equitable lien with the immediate right to foreclose same is the only means by which property of the estate can be rightfully returned back to the estate.

WHEREFORE, the Plaintiff, Deborah Menotte, as Trustee in Bankruptcy for Terry Eichas, by and through undersigned counsel, respectfully requests that the Court enter judgment granting an equitable lien against the Condominium in the amount of at least $24,000.00, plus such other amounts as the Court determines to be damages incurred by the estate, including, but not limited to, attorney fees and court costs, that the Court order that the Trustee shall have the immediate right to foreclose upon such lien within any court of competent jurisdiction, including, but not limited to, the Bankruptcy Court, and that the Court grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this the 11th day of May, 2011.

/s/ *Michael R. Bakst*
MICHAEL R. BAKST, ESQ.
Florida Bar No. 866377
Attorney for Trustee
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 838-4523
Facsimile: (561) 514-3423

```
CFN 20100341681
OR BK 24071 PG 0609
RECORDED 09/13/2010 15:10:31
Palm Beach County, Florida
AMT 25,000.00
Deed Doc 87.50
Intang 50.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0609 - 611; (3pgs)
```

This Document Prepared By and Return to:
Delray Title & Abstract Co.
75 N.E. 6th Avenue, Suite 106
Delray Beach, Florida  33483
W/C 43

# Real Estate Mortgage

THIS MORTGAGE made this   13th   day of   September   A.D. 2010 ,   between
Terry R Eichas, a single man

herein called Mortgagor, in consideration of the sum named in the promissory note herein described received from
885 Realty Group, Inc, a Florida Corporation

herein called Mortgagee, (the terms "Mortgagor" and "Mortgagee" include all parties in each capacity to this instrument and their respective heirs, personal representatives, successors and assigns; the term "note" includes all promissory notes described herein) Mortgagor hereby mortgages to Mortgagee the real property in   Palm Beach   County,   Florida   , described as:

Condominium Parcel 311, Capri "G" Condominium, according to the
Declaration of Condominium recorded in Official Records Book 2894,
Page 1742, of the Public Records of Palm Beach County, Florida.

If a conveyance should be made by the Mortgagor of the premises
herein described, or any part thereof, without prior written consent
of the Mortgagee and upon the terms and at such rate as Mortgagee
shall request, then in such event, and at the option of the
Mortgagee, all sums of money secured hereby shall immediately and
concurrently with such conveyance become due and payable.

TOGETHER with all easements, connected therewith, improvements now or hereafter made thereon, fixtures attached thereto, any furniture or furnishings located thereon or therein and any reversions, remainders, rents, issues and profits thereof as security for the payment of the promissory note, a copy of which is attached.
   AND Mortgagor hereby covenants:
   1.   That Mortgagor is in actual possession and seized of said real property in fee simple with full power and lawful right to mortgage the same; that said property is free from all liens and encumbrances except as set forth herein; that Mortgagor fully warrants the title to said real property and will defend the same against lawful claims of all persons whomsoever.
   2.   To pay all money required by said note and this mortgage, or either, promptly when due.
   3.   To pay all taxes, assessments, levies, liabilities, obligations and encumbrances of every description now on or which may hereafter accrue on said property, this mortgage and the debt secured hereby, or any of these, when due. If any part thereof is not paid when due, Mortgagee may pay it without waiving the option to foreclose this mortgage or any other right hereunder.
   4.   To pay all costs and expenses together with reasonable attorney's fees (including appellate proceedings) incurred by Mortgagee because of any default by Mortgagor under this mortgage and said note, or either.
   5.   To keep the improvements now or hereafter on said property insured against loss by fire or other hazards included in the terms "extended coverage" and "other perils" in the amount secured by this mortgage by an insurer approved by Mortgagee. The policy shall be held by and made payable to Mortgagee by standard New York mortgagee clause without contribution as Mortgagee's interest may appear. If any money becomes payable under such policy, then all checks for said money will be made payable to Mortgagor and Mortgagee and the proceeds shall be first applied to restore the mortgaged property to the condition it was immediately before the loss occurred and if there be any excess or if the property not so restored then Mortgagee may apply the same to the payments last due on the debt secured hereby or may permit Mortgagor to use it, or any part thereof, for other purposes without waiving or impairing any lien or right hereunder. If Mortgagor fails to obtain such policy, Mortgagee may procure it and pay therefor without waiving the option to foreclose this mortgage or any other right hereunder.
   6.   To permit, commit or suffer no waste, impairment or deterioration of said property or any part thereof.
   7.   That if said property, or any part thereof, is taken by eminent domain, Mortgagee shall have the right to receive and apply all money paid for such taking to the payments last due on the debt secured hereby or may permit Mortgagor to use it, or any part thereof, for other purposes without waiving or impairing any lien or right under this mortgage. If the remaining part of said property is inadequate security for the unpaid balance of said debt, Mortgagee may accelerate payment thereof immediately.
   8.   That if Mortgagee shall hold another mortgage or lien on said property, a default under such other mortgage or lien shall constitute a default under this mortgage also. Any default under this mortgage shall likewise constitute a default under such other mortgage or lien. If foreclosure proceedings under any mortgage or lien (whether held by Mortgagee or another) affecting said property are instituted, this shall constitute a default under this mortgage.
   9.   That Mortgagee may forbear to enforce defaults under this mortgage and said note, or either, or may extend the time for payment of any money secured hereby or may take other or additional security and may deal directly with any owner of said property in all respects pertaining to this mortgage and said note, or either, without notice to or the consent of any person liable under this mortgage and said note, or either, and without discharging or affecting the liability of any person liable under this mortgage and said note, or either.

15196

Laser Generated by © Display Systems, Inc., 2010  (863) 763-5555  Form FLPMM-2

EXHIBIT "1"

Case 11-01972-EPK   Doc 1   Filed 05/11/11   Page 12 of 14

## Real Estate Mortgage - Page 2

10. That the rents, profits, income, issues and revenues of said property (including any personal property located thereon or therein) are assigned and pledged as further security for the payment of the debt secured hereby with the right (but no duty) on the part of Mortgagee to demand and receive and apply them on said debt at any time after a default hereunder. If suit is instituted to foreclose or reform this mortgage or to determine the validity or priority thereof, Mortgagee shall be entitled to appointment of a receiver pendente lite without notice for said property and of all rents, income, profits, issues and revenue thereof. It is covenanted and agreed that the court shall forthwith appoint a receiver of said property and of such rents, income, profits, issues and revenues. Such appointment shall be made as a matter of strict right to Mortgagee without reference to the adequacy or inadequacy of the value of the property hereby mortgaged or to the solvency or insolvency of Mortgagor.

11. That if any dispute arises involving said note and this mortgage, or either, wherein Mortgagee incurs any costs (regardless of whether or not legal proceedings are instituted) or if any action or proceeding (including appellate proceedings) shall be maintained by any person other than Mortgagee wherein Mortgagee is made a party, all expenses incurred by Mortgagee to prosecute or defend the rights created by this mortgage and said note, or either, together with reasonable attorney's fees and costs, whether same be rendered for negotiation, trial or appellate work, shall be paid by Mortgagor.

12. That if any money secured hereby is not fully paid within **THIRTY (30)** days after it becomes due, or if any covenant or agreement of said note and this mortgage, or either, is breached, Mortgagee shall have the option to accelerate payment of the entire principal and any other money secured hereby as immediately due and payable without notice. Time is of the essence of this mortgage. Any payment made by Mortgagee under paragraphs 3, 4, 5, or 11 shall bear interest at the maximum legal rate from the date of payment and shall be secured by this mortgage. No waiver of or failure to enforce any default or obligation under this mortgage and said note, or either, shall constitute a waiver of any subsequent default or of the terms of either instrument. If there is any conflict between the terms of this mortgage and said note, the terms of this mortgage shall prevail.

**In Witness Whereof,** the mortgagor has hereunto set his hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Printed Name: Elsine Yvonne
Witness

Printed Name: PRISCILLA HARRIS
Witness

_____ (Seal)
Terry R. Eichas
P.O. Address: 311 Capri G, Delray Beach, FL 33484

STATE OF Florida
COUNTY OF Palm Beach

The foregoing instrument was acknowledged before me this **13th** day of **September**, **2010** by **Terry R. Eichas, a single man**

he is personally known to me or he has produced his **driver's license** as identification.

Printed Name: PRISCILLA HARRIS
Notary Public
My Commission Expires:



PRISCILLA HARRIS
MY COMMISSION # DD 818062
EXPIRES: November 8, 2012
Bonded Thru Notary Public Underwriters

15196

Laser Generated by © Display Systems, Inc., 2010  (863) 763-5555 Form FLPMM-2

Book24071/Page610                             Page 2 of 3

# MORTGAGE NOTE

$ 25,000.00            Delray Beach              , Florida
                                        September 13th, 2010

For value received, the undersigned jointly and severally agrees and promises to pay to the order of: 885 Realty Group, Inc

the principal sum of $   25,000.00   with interest thereon at the rate of **4.000** per centum per annum from the date hereof until maturity, the interest being payable as set forth below in lawful money of the United States of America at: 885 SE 6th Avenue, # E, Delray Beach, Fl 33483

or such other address as the holder from time to time may specify by written notice to the maker, the principal and interest to be paid as follows:

```
One Hundred and Twenty payments (120) in the amount of $253.11 with
the first payment due October 13, 2010 and each and every 13th of the
month thereafter until paid in full.

This Note may be prepaid in whole or in part without penalty.
```

This note with interest is secured by a mortgage on real estate, of even date herewith, and shall be construed and enforced accordingly.

If there is a default in payment of any of the sums or interest or in said mortgage, or in the performance of any agreements contained herein or in said mortgage, and it continues for a period of **FIFTEEN (15)** days then, at the option of the holder of the note, the principal sum then remaining unpaid with accrued interest shall immediately become due and collectible without notice, time being of the essence of this contract, and the principal sum and accrued interest shall both bear interest at the highest rate allowable by law from the date of default until paid. All sums paid under this note shall be credited first to accrued interest and then to principal. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

Each maker and endorser waives presentment, protest, notice of protest and notice of dishonor and agrees to pay reasonable attorneys' fees and expenses in the enforcement of this note prior or subsequent to judgment and in any and all trial and appellate tribunals, whether suit be brought or not if, after maturity of this note or default, counsel shall be employed to collect this note or to protect the security of said mortgage.

The indebtedness evidenced by this note may be prepaid in whole or in part at any time without penalty or premium.

MAKER'S ADDRESS:                              _____ (Seal)
311 Capri G                                   Terry R. Eichas
Delray Beach, FL 33484

15196
                  Laser Generated by © Display Systems, Inc., 2010 (801) 763-5555 Form FLPMN-2



222 LAKEVIEW AVENUE
SUITE 800
WEST PALM BEACH, FLORIDA 33401

(561) 838-4537
FAX: (561) 514-3437
MARLA.NEUFELD@RUDEN.COM

February 10, 2011

**VIA CERTIFIED MAIL,
REGULAR MAIL, AND EMAIL**
Terry R. Eichas
311 Capri G
Delray Beach, FL 33484
trehod@gmail.com

      Re:  Terry Eichas
           <u>Case No. 09-21514-BKC-EPK</u>

Dear Mr. Eichas:

      It has come to my attention that around November 2010, you received funds in the amount of $24,000.00 based upon a net operating loss from 2006, and then transferred the funds into the condominium located in Kings Point in Delray Beach. The funds in the amount of $24,000.00 which date back to losses in 2006, are property of the bankruptcy estate and the post-petition transfer of said funds into the condominium would qualify as an unauthorized post-petition transfer pursuant to 11 U.S.C. §549. This letter is being sent to demand return of the $24,000.00 to the Trustee **within ten (10) days from the date of this letter**. Your check should be made payable to Deborah C. Menotte, Trustee in Bankruptcy for Terry R. Eichas, and sent to P.O. Box 211087, West Palm Beach, FL 33421.

      If payment is not made within ten (10) days from the date of this letter, I may have no other choice but to bring an adversary proceeding against you within the Bankruptcy Court here in Florida.

      Be guided accordingly.

                                          Very truly yours,

                                          By: <u>/s/ Marla B. Neufeld</u>
                                              Marla Neufeld, Esq.

RM:7837197:1

EXHIBIT "2"